## TYRRELL, ADMINISTRATRIX OF TYRRELL, v. DISTRICT OF COLUMBIA.

### CERTIORARI TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 54. Argued November 1, 1916.—Decided March 6, 1917.

It is the duty of this court to dismiss a certiorari upon discovering that the question which induced the issuance of the writ does not arise on the record. *Furness, Withy & Co.* v. *Yang-Tsze Insurance Association*, 242 U. S. 430.

Petitioner's intestate was killed by an explosion of gas while making repairs in a school building of the District of Columbia. Damages were recovered in the Supreme Court of the District and the judgment was reversed by the Court of Appeals. This court issued a certiorari upon the assumption (induced by a misconception of counsel) that the decision, in possible conflict with decisions of this court, proceeded on the theory that the municipality could not be held for positive torts committed by its agents while discharging its public or governmental duties. Examination of the record proving that no exception was taken by plaintiff to the rulings of the trial court in this regard and that the decision of the appellate court

(1)

turned on its conclusion that the evidence was insufficient to estab-
lish a nuisance as the cause of the accident, *Held*, that the certiorari
must be dismissed.
Writ of certiorari to review 41 App. D. C. 463, dismissed.

The case is stated in the opinion.

*Mr. Levi H. David* and *Mr. Alexander Wolf* for peti-
tioner.

*Mr. Percival H. Marshall* and *Mr. Conrad H. Syme* for
respondent.

MR. CHIEF JUSTICE WHITE delivered the opinion of the
court.

We state only so much of the case as is essential to an
understanding of the disposition which we are constrained
to make of it.

The action was commenced in May, 1912, by the peti-
tioner as administratrix of the estate of her husband to
recover from the District of Columbia as a municipal
corporation, damages suffered as the result of his wrongful
death in September, 1911. Briefly, it was alleged that the
District had contracted to make an addition to a school
building to it belonging known as the McKinley Manual
Training School and to put in order and adjust the boilers
in the basement of the old building, and that while the
deceased was engaged under a sub-contractor in doing the
latter work, he was killed by an explosion of illuminating
gas which had escaped from the gas pipes which were in
the basement. It was alleged that the gas had been per-
mitted to escape and remain in the basement through the
neglect and wrongful conduct of the municipality or its
agents. The averments as to the negligence of the munic-
ipality both in permitting the escape of the gas and as to
allowing it to remain after notice of the dangerous condi-

tion, and as to the absence of neglect on the part of the plaintiff's intestate were ample. There was a subsequent amendment to the petition alleging facts which it was averred established that the conduct of the District as to the escape and failure to remove the gas was equivalent to the creation by it of a public nuisance. The defense was a general denial and a special plea setting up a release on the part of the plaintiff, which latter on demurrer was stricken out. There was a verdict and judgment in favor of the plaintiff and an appeal was taken by the defendant municipality. The Court of Appeals reversed the judgment and remanded with directions to grant a new trial, one member of the court dissenting. The appellee, alleging that the case in her favor could not be bettered at a new trial, asked that a final judgment be entered upon the theory that the case would be then susceptible of review in this court on error. On the refusal of this prayer a petition for certiorari was here presented.

The basis asserted for the application for certiorari was that the court below, disregarding a decisive line of decisions by this court holding that a municipality, the District of Columbia, was responsible for positive torts committed by its servants or agents in the course of their employment under the application of the rule *respondeat superior,* had mistakenly decided that such decisions were not controlling because that principle had no application when the servants or agents of a municipality represented it in the discharge of duties which were governmental or public in character as contradistinguished from mere municipal duties,—a ruling from which it was deduced that in the former situation a wrong suffered by an individual, however grievous, was not susceptible of redress because the wrongdoer, the municipality acting through its agents, was beyond the reach of courts of justice. Besides, it was declared that although the court proceeded upon the assumption that the doctrine which

it announced was not in conflict with the previous deci-
sions of this court, that assumption was obviously a mis-
taken one, since the case principally relied upon by the
court to sustain the doctrine which was applied had in
express terms declared that the principle announced was
in conflict with a previous decision of this court, which
decision was wrong and would therefore not be applied.
The existence of the ground thus stated in the petition
for the writ was not challenged in the opposition filed by
the respondent, although the correctness of the legal
propositions relied upon and the significance of the pre-
vious decisions of this court were disputed.

As on the face of the opinion of the court below the
reasoning apparently justified the inference that the situa-
tion was as stated in the petition for certiorari, the prayer
for the writ was granted. When, however, we come to a
close examination of the record on the submission of the
case on its merits, we discover that the question upon
which the certiorari was prayed under the circumstances
previously stated does not arise on the record and is not
open for consideration, and therefore (of course, we assume,
through inadvertence of counsel) the petition for cer-
tiorari was rested upon a wholly unsubstantial and non-
existing ground,—a conclusion which will be at once
demonstrated by the statement which follows:

At the trial the court in express terms charged the jury
that "for a mere act of isolated negligence the municipality
of the District of Columbia would not be responsible, no
matter what the result of the isolated act of negligence was.
The District in this action, if responsible at all, can only be
responsible upon the theory that the death . . . resulted
from the maintenance of a nuisance, in the first place,
and secondly that the District of Columbia maintained
the nuisance." And this was followed in the charge by a
definition of what in the law would constitute a nuisance.
To this charge as to non-liability of the city for any act

of negligence whatever under the circumstances, unless there was a public nuisance, no exception whatever was taken by the plaintiff, the only exception on the subject being that reserved by the defendant to the charge that there would be a liability even in case of a public nuisance. The case therefore on the appeal below (except as to subjects having no relation to the doctrine of municipal liability) involved only the question of liability in case of a public nuisance and raised no question concerning the correctness of the ruling that the municipality was not liable for an act of individual negligence because the work which was being done when the accident occurred involved the discharge of a governmental as distinguished from a municipal duty. It is true that in the reasoning of its opinion the court below stated what it deemed to be the correct theory concerning the division of the functions of a municipality; in one of which it had power to inflict a positive wrong without redress, and made reference to state cases deemed to establish this doctrine and a decision of this court which it said was argued at bar to establish to the contrary. But this was only reasoning deemed by the court to throw light upon its conclusion on the subject which was before it, that is, whether there was liability on the part of a municipality for a public nuisance as an exception to the general rule of its non-liability for a wrong done when in the exercise of a governmental function, and as a prelude to the ground upon which the judgment rendered was rested, that is, that there was no evidence tending to support the conclusion that the facts constituted a public nuisance.

In this view it is plain that if we differed from the conclusion of the court below on the subject of the tendencies of the proof as to the nuisance, we would not be at liberty as an original question to consider and dispose of the alleged contention concerning the governmental function and the resulting non-liability for a wrong done by a

municipality, since that question under the state of the record was not before the lower court and would not be open for our consideration, as no exception concerning the ruling of the trial court on that subject was taken so as to preserve a review concerning it. As it follows that the certiorari was improvidently granted as the result of a misconception of the parties as to the state of the record and the questions open, it follows that the case comes directly within the rule announced in *Furness, Withy & Company* v. *Yang-Tsze Insurance Association*, 242 U. S. 430, and our duty is to dismiss the certiorari, thus leaving the judgment of the court below unaffected by the previous order granting the writ.

*Dismissed.*