# NEW YORK CENTRAL RAILROAD COMPANY *v.* GOLDBERG.

## CERTIORARI TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 256.  Argued March 20, 1919.—Decided May 19, 1919.

Under an interstate bill of lading providing that the owner or consignee shall pay the freight and all other lawful charges on the property, and, that if upon inspection it is ascertained that the articles shipped are not those described in the bill the freight charges must be paid upon the articles actually shipped, *held*, that an innocent misdescription of the goods, placing them in a class entitled to a lower rate under the carrier's filed schedules, merely imposed upon the shipper or consignee an obligation to pay freight charges according to their true character, and did not affect the liability of the carrier for a failure to deliver, there being no clause exempting the carrier or limiting its liability in case of such misdescription.

164 App. Div. 389, 221 N. Y. 539, affirmed.

THE case is stated in the opinion.

*Mr. William Mann,* with whom *Mr. Charles C. Paulding* was on the brief, for petitioner.

No appearance for respondent.

MR. JUSTICE PITNEY delivered the opinion of the court.

This was an action brought by respondent against petitioner in the Supreme Court of New York to recover damages equivalent to the value of certain goods shipped in interstate commerce and lost in transit.   Plaintiff had judgment in the trial court, which was affirmed by the Appellate Division for the First Department (164 App.

Div. 389), and affirmed by the Court of Appeals without opinion.  [221 N. Y. 539.]

The facts are as follows:  On September 17, 1912, a firm of fur manufacturers in New York City caused to be delivered to defendant there for transportation to plaintiff at Cincinnati, Ohio, a case containing furs belonging to plaintiff of the value of $693.75.  When the case left the consignors' possession it was marked with the name and address of the consignee, and with the word "furs" conspicuously displayed.  It was delivered to a local expressman, whose driver delivered it to defendant and made out a bill of lading which defendant signed and upon which the action depends.  This bill of lading described the goods as "One case D. G.," which admittedly means "dry goods."  The misdescription was the driver's mistake, not made with any intent to fraudulently misrepresent the nature of the merchandise shipped.  Defendant's clerk who signed the bill of lading relied wholly upon the representations of the driver as to the contents of the case, not seeing the case itself; and, so far as appears, no representative of defendant compared or had a convenient opportunity to compare the bill of lading with the marks on the case.  At the time of the shipment the official freight classification filed with the Interstate Commerce Commission provided for a first-class rate for dry goods (65 cents per hundred pounds), and a double-first-class rate ($1.30 per hundred) for furs.  As a result of the misdescription in the bill of lading, freight was charged at the smaller rate applicable to dry goods, instead of the higher one applicable to furs.  No valuation was placed upon the goods, and no question of limitation of liability to a stipulated value is presented.

Defendant admitted that it received the goods for transportation, and that they were stolen in transit and never delivered to the consignee.

Defendant insists that it is not liable in any amount

for loss of the goods, because they were misdescribed in the bill of lading. Reliance is placed upon a line of decisions in this court relating to the limitation of liability of an interstate rail carrier where goods are shipped at a declared value at a rate based upon value and under a contract conforming to the filed tariff. *Adams Express Co. v. Croninger,* 226 U. S. 491, 509; *Kansas City Southern Ry. Co.* v. *Carl,* 227 U. S. 639, 650, *et seq.; Missouri, Kansas & Texas Ry. Co.* v. *Harriman,* 227 U. S. 657, 670; *Great Northern Ry. Co.* v. *O'Connor,* 232 U. S. 508, 515; *Atchison, Topeka & Santa Fe Ry. Co.* v. *Robinson,* 233 U. S. 173, 180; *Southern Ry. Co.* v. *Prescott,* 240 U. S. 632, 638.

The Appellate Division held that these cases did not go to the extent of relieving the carrier from all liability in case of a non-fraudulent misrepresentation as to the nature of the merchandise shipped, and that since there was no clause in the bill of lading exempting the carrier or limiting its liability in case of such a misdescription the carrier was defenseless.

Defendant's contention is that there is no responsibility for loss of the furs that were shipped because they were goods not of the same but of a different character than those described in the bill of lading, and were goods for the transportation of which a higher rate was established by its filed schedules. Were there otherwise any difficulty in answering this contention, it would be wholly relieved by the fact that the precise contingency was anticipated in the preparation of the form of the bill of lading and provided for by one of its conditions, which reads as follows: "The owner or consignee shall pay the freight and all other lawful charges accruing on said property, and, if required, shall pay the same before delivery. If upon inspection it is ascertained that the articles shipped are not those described in this bill of lading, the freight charges must be paid upon the articles actually shipped."

Clearly, the effect of this is that a misdescription of the

character of the goods, not attributable to fraud, merely imposed upon the shipper or consignee an obligation to pay freight charges according to the character of the goods actually shipped, and did not affect the liability of the carrier for a failure to deliver the goods.

*Judgment affirmed.*