# ERIE RAILROAD COMPANY v. KIRKENDALL.

CERTIORARI TO THE COURT OF APPEALS FOR THE EIGHTH
JUDICIAL DISTRICT OF THE STATE OF OHIO.

No. 51.  Argued October 8, 1924.—Decided November 17, 1924.

1. A petition for certiorari must give adequate information concerning the record and essential facts.  P. 185.
2. When the case presented upon argument differs radically from the one tendered by the petition upon which certiorari was granted, the writ will be dismissed.  P. 186.

Writ of certiorari dismissed.

CERTIORARI to a judgment of the Court of Appeals of the State of Ohio affirming a judgment recovered by the above-named respondent against the Railroad for goods lost in transit.

*Mr. Benjamin D. Holt* and *Mr. Edward A. Foote* for petitioner.

*Mr. Dudley K. Henderson,* with whom *Mr. E. P. Chamberlin* was on the brief, for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Respondent sued for the value of a lost package described by the bill of lading as " 1 box bedding," weighing 280 pounds, which actually contained " miscellaneous household articles, together with two quilts and two pair woolen blankets."  In defense the railroad insisted that he misrepresented the true character of the contents and thereby prevented it from obtaining a released valuation which, according to the rate paid and provisions of the published tariffs, would not have exceeded twenty-eight dollars.

The writ must be dismissed.  The inducing petition failed to give adequate information concerning the record

and essential facts. *Furness, Withy & Co.* v. *Yang-Tsze Insurance Assn.,* 242 U. S. 430; *Layne & Bowler Corp.* v. *Western Well Works,* 261 U. S. 387; *Southern Power Co.* v. *North Carolina Public Service Co.,* 263 U. S. 508. The confused state of the record renders it difficult to ascertain the facts; maybe impossible. The petition for certiorari seemed to represent that at time of shipment the consignor accepted a bill of lading misdescribing the contents of the package and accepted a rate based upon limited liability, as he must have known.

It appears, however, that the shipper correctly reported the contents to the railroad, that he was not asked concerning value and made no representations relative thereto, that no rate was quoted, and that the undisclosed charges were to be collected at destination. The bill of lading contained no statement of value or rate and no provision restricting the carrier's liability to less than the actual worth. Section 8 provides—"The owner or consignee shall pay the freight and all other lawful charges accruing on said property, and, if required, shall pay the same before delivery. If upon inspection it is ascertained that the articles shipped are not those described in this bill of lading, the freight charges must be paid upon the articles actually shipped." *New York Central R. R. Co.* v. *Goldberg,* 250 U. S. 85, 87.

The case tendered by the petition is radically different from the one presented upon the argument.

*Writ of certiorari dismissed.*