MARGARET FRATELLO AND ROCCO FRATELLO, HER HUSBAND, PLAINTIFFS-APPELLANTS, v. THE CITY OF NEWARK, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT.

Submitted February 16, 1945—Decided April 19, 1945.

For the plaintiffs-appellants, *Pearce R. Franklin*.

For the defendant-respondent, *Philip J. Schotland* and *Louis A. Fast*.

The opinion of the court was delivered by

CASE, J. The appeal is from a judgment of the Supreme Court whose opinion is reported in 132 *N. J. L.* 69. The action is for the recovery of damages resulting from injuries suffered by Mrs. Fratello in stumbling on a sidewalk, in the City of Newark, over an iron pipe embedded in concrete and projecting an inch and a half or two inches above the sidewalk level. The state of demand filed in the Second District Court of the City of Newark alleged that the obstacle constituted a nuisance actively and wrongfully created by the city. Judgment went for the plaintiffs in the District Court but was reversed in the Supreme Court. The District Court Judge, sitting without a jury, found that the city had erected and maintained an upright iron stanchion bearing a curb-parking sign; that the construction consisted of a concrete base into which was set a short pipe, called a "sleeve," extending slightly above the sidewalk level; that a long pipe eight or ten feet in height but of smaller diameter was fastened into the sleeve by means of bolts and constituted the post to which the sign was affixed; that some years after the erection the city released the bolts and removed the long pipe or stanchion, leaving the short sleeve projecting as a stump above the ground.

It is established that the finding of the District Court upon questions of fact will not be reviewed on appeal beyond inquiring whether there was any legal evidence upon which the finding might be based. *R. S.* 2:32–202. *Siccardi* v. *Caruso,* 120 *N. J. L.* 111.

We have examined the proofs and conclude that there was legal evidence upon which the above-recited factual finding of the District Court was based. If the proofs further tend to show that the series of incidents originating with and enacted by the city show active wrongdoing as distinguished from mere negligence, there was liability. *Fisher* v. *Nutley,* 120 *N. J. L.* 290; *Reardon* v. *Wanaque,* 129 *Id.* 18; *Newman* v. *Ocean Township,* 127 *Id.* 287. A negative view of this phase of the proofs seems to have led the Supreme Court to the reversal. We think, however, that detaching the plainly apparent portion of the erection and leaving the inconspicu-

ous remnant as a stumbling block on a public walk, particularly when correlated with the original installation, was an act and not an omission. The contrivance, in the condition in which it was left, performed no necessary or useful function, municipal or otherwise. The city had the right to remove a traffic sign which it had erected, but if it did that act in an unlawful manner it was guilty of a misfeasance. The danger to pedestrians in a short iron pipe insufficient in size or appearance to carry notice of its presence, placed upright in the sidewalk, was clearly a menace to the pedestrian public. Inasmuch as there was competent evidence to establish that the presence of the obstacle was due to an act and not an omission and that the causative act was done by the city under such circumstances as to constitute a misfeasance, the judgment of the District Court had sound legal support.

Our conclusion is that the judgment of the Supreme Court should be reversed. We direct attention, however, to our Rule No. 23 which provides: "New Jersey decisions to be cited by the official New Jersey reports, if officially reported * * *; if not officially reported, that fact to be stated and the decisions may then be cited from unofficial reports." Appellants' brief might well have been suppressed because of its repeated violations of that rule.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, DONGES, PERSKIE, PORTER, WELLS, RAFFERTY, THOMPSON, DILL, FREUND, JJ. 12.