## HAMMERSTEIN *v.* SUPERIOR COURT OF CALIFORNIA ET AL.

No. 421. Argued March 9, 1951.—Cause continued March 26, 1951.—Dismissed May 28, 1951.

*Robert E. Kopp* and *Milton A. Rudin* for petitioner.

*Saul Ross* and *E. Loyd Saunders* for respondents.

PER CURIAM.

After argument, we continued this cause to enable the petitioner to apply for a certificate or other expression from the appropriate California courts to show whether the judgments rested on adequate and independent state grounds or whether decision of the federal question was necessary to the judgments rendered. 340 U. S. 622 (1951). Such expressions have been obtained.

The Supreme Court has informed us that its refusal to grant a writ of certiorari from the default judgment entered by the Superior Court was based upon petitioner's failure to utilize the proper channel of review, namely, his failure to appeal from the default judgment. Inasmuch as our jurisdiction to review state court judgments extends only to final judgments rendered "by the highest court of a State in which a decision could be had," 28 U. S. C. § 1257, we have no jurisdiction to review the proceedings arising from the default judgment.

The District Court of Appeal has informed us that the decision of the federal question was essential to its denial of the application for writ of prohibition, and that its judgment did not rest upon an independent state ground. The expression we have received from the California Supreme Court is also susceptible of the interpretation that its denial of a hearing from the judgment of the District Court of Appeal was based upon an adequate state ground. We do not consider the force of that statement since it is clear that the judgment properly before us is that of the District Court of Appeal, which did decide the federal question. See *American Railway Express Co.* v. *Levee,* 263 U. S. 19, 20–21 (1923). We have jurisdiction over that judgment. *Rescue Army* v. *Municipal Court,* 331 U. S. 549, 565–568 (1947); *Bandini Co.* v. *Superior Court,* 284 U. S. 8 (1931), and cases cited at 14.

The presence of jurisdiction upon petition for writ of certiorari does not, of course, determine the exercise of that jurisdiction, for the issuance of the writ is discretionary. In this case petitioner could have obtained review of the final adjudication of the merits by appealing from the default judgment. The California Supreme Court has apparently refrained from taking action because of the existence of that remedy. In these circumstances we think it advisable not to exercise our jurisdiction. The

writ is therefore dismissed as improvidently granted.   Cf. *Loftus* v. *Illinois,* 337 U. S. 935 (1949); *Phyle* v. *Duffy,* 334 U. S. 431 (1948); *Hedgebeth* v. *North Carolina,* 334 U. S. 806 (1948).

*Writ dismissed.*

MR. JUSTICE BLACK, MR. JUSTICE DOUGLAS, MR. JUSTICE JACKSON and MR. JUSTICE CLARK dissent.