**ROBERSON et al. v. DISTRICT OF COLUMBIA.**

No. 1159.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 14, 1952.

Decided Feb. 20, 1952.

Everett L. Edmond, Washington, D. C., for appellants.

Edward A. Beard, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and John A. Earnest, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellants, husband and wife, brought an action against Safeway Stores, Inc., and the District of Columbia for personal injuries suffered by the wife. The complaint alleged that the District or Safeway, "either or both of them, negligently permitted a nuisance to exist on the sidewalk adjacent to premises No. 333 Pennsylvania Ave., S. E., and also in and around the premises No. 333 Pennsylvania Ave., S. E., to wit: the loitering, playing, and obstructing of the sidewalk and premises by boys with wagons, skates, and other things, on or about June 4, 1949"; that the District "is a Municipal Corporation charged with the duty of installing and maintaining walks for pedestrians, as well as the duty of properly policing and enforcement of the laws and regulations in effect in the District of Columbia"; and that "the plaintiff, a pedestrian, while lawfully walking in an easterly direction in front of the premises No. 333 Pennsylvania Ave., S. E., on the sidewalk near the entrance of the Safeway Store, which she was about to enter, was struck from behind and caused to fall by a wagon, recklessly and carelessly propelled by two boys, who were allowed to congregate, loiter, and obstruct the sidewalk and the store adjacent thereto, in violation of the rules and regulations aforesaid."

The trial court granted a motion to dismiss the complaint as to the District of Columbia and this appeal is from that dismissal.

Although the complaint is labeled one for negligence, it is claimed that the allegations also support an action for permitting a nuisance. We therefore consider both the negligence and nuisance aspects.

As an action for negligence, the complaint must fail. It is well settled that

the District is not liable for the negligence of its officers or agents in the performance of a governmental function.[1] The question of what constitutes a governmental function is not always easily answered, but obviously any duty of the District to prevent loitering, congregating and playing on public sidewalks is a public duty calling for the exercise of the government's police power, and the exercise of police power is strictly a governmental function.[2] Moreover, the prevention of loitering involves either the making or enforcing of regulations governing the use of streets, and the decisions generally are in accord that no liability may be imposed on a municipal corporation for its failure to enact or enforce ordinances.[3]

Appellants rely on cases holding the District liable for failure to maintain the streets and sidewalks in a reasonably safe condition.[4] This liability is well established but is limited to the physical condition of the street or sidewalk.[5] Here there was no defect in the sidewalk. All that is alleged is an improper use of it by others. Therefore the negligence complained of was a failure of the District to exercise a governmental function in controlling the use of the sidewalk, and, as said before, the District is not liable for negligence in the performance of a governmenal function.

We turn now to consideration of appellants' claim on the theory of a nuisance.

In District of Columbia v. Totten, 55 App. D.C. 312, 318, 5 F.2d 374, 380, 40 A.L.R. 1461, certiorari denied, 269 U.S. 562, 46 S.Ct. 21, 70 L.Ed. 412, it was said: "A municipality has no right to create or maintain a nuisance, and if it does so act, to the damage of an adjacent property owner, an action at law will lie for him, * * *." See also Roth v. District of Columbia, 16 App.D.C. 323. Those cases are apparently restricted to the protection of property rights of adjacent land owners.[6] Assuming, however, that a municipality's liability for creation or maintenance of a nuisance extends to personal injuries resulting therefrom as well as damages to property rights, we find that the cases imposing such liability have features, such as were in the Totten and Roth cases, which distinguish them from the present case.

First, in nearly all the cases, the nuisance consisted of defects of a physical nature. Second, and of greater importance, the nuisance was the result of some affirmative act of the officers or agents of the municipality or the result of the manner in which the municipality was putting to use property under its control and supervision. Thus in the Totten case the nuisance resulted from the manner in which a prison farm was conducted and in the Roth case from the manner of maintenance of a stable.[7]

1. Jones v. District of Columbia, 51 App. D.C. 319, 279 F. 188; Tillman v. District of Columbia, 58 App.D.C. 242, 29 F.2d 442; Loube v. District of Columbia, 67 App.D.C. 322, 92 F.2d 473; Wilson v. District of Columbia, 86 U.S.App.D.C. 28 179 F.2d 44.

2. Los Angeles Gas & Electric Co. v. City of Los Angeles, D.C., S.D.Cal., 241 F. 912, affirmed 251 U.S. 32, 40 S.Ct. 76, 64 L.Ed. 121; State ex rel. Gebhardt v. City Council of Helena, 102 Mont. 27, 55 P. 2d 671.

3. Campbell v. City of Santa Monica, 51 Cal.App.2d 626, 125 P.2d 561; Tolliver v. City of Newark, 145 Ohio St. 517, 62 N.E.2d 357, 161 A.L.R. 1391. See also 63 C.J.S., Municipal Corporations, § 769.

4. Smith v. District of Columbia, 89 U.S. App.D.C. ——, 189 F.2d 671; District of

Columbia v. Williams, D.C.Mun.App., 46 A.2d 111.

5. Hanson v. Berry, 54 N.D. 487, 209 N. W. 1002, 47 A.L.R. 816; Tolliver v. City of Newark, supra, note 3.

6. See Pearson v. Kansas City, 331 Mo. 885, 55 S.W.2d 485, which it was said in Wilson v. District of Columbia, 86 U.S. App.D.C. 28, 179 F.2d 44, contains a good analysis of the legal philosophy relating to a municipality's liability for nuisance.

7. See also Hoffman v. City of Bristol, 113 Conn. 386, 155 A. 499, 75 A.L.R. 1191 (maintaining diving board over shallow pool); City of Knoxville v. Lively, 141 Tenn. 22, 206 S.W. 180 (road roller left on street); Fratello v. City of Newark, 133 N.J.L. 19, 42 A.2d 260 (iron pipe projecting on sidewalk); Liesman v. City of Brookville, Ohio App., 34 N.E.2d 580 (trench alongside sewer); Bacon v.

Here there is no allegation of any affirmative act on the part of the District. It is not alleged that the District either created or maintained the condition complained of. In Powell v. City of Nashville, 167 Tenn. 334, 69 S.W.2d 894, 92 A.L.R. 1493, where the alleged nuisance was the failure of the municipality to erect a stop sign at a street intersection as required by ordinance, the court pointed out that the distinction must be preserved "between negligence, an omission of duty, and a nuisance, or active wrong", and that in the cases imposing liability for nuisance on the municipality the condition was produced by affirmative action of the city.

It is true that some courts have apparently ignored the distinction between negligence and nuisance,[8] but we think the correct rule is stated in Hoffman v. City of Bristol, 113 Conn. 386, 155 A. 499, 501, 75 A.L.R. 1191, where the court distinguished its own cases in the following manner:

"In the Hewison Case the weight overhanging the street, in the Dyer Case the dead tree within the street limits, in the Riccio Case the tree protruding over the highway, in the Rogers Case the catchbasin cover, if constituting a nuisance, was such that the only duty of the city was to remove or abate it. It was not a structure or condition created by the city, certainly not by acts which were wrongful in nature or in intent actual or implied; the fault, if any, consisted in the failure to use the requisite care in remedying a condition otherwise created or occurring. Therein lies the distinction between nuisance to which governmental immunity does not attach, and mere negligence as to which it is available."[9]

Assuming that the alleged facts show the existence of a nuisance and that plaintiff's injuries were the result of such nuisance, our conclusion is that the District neither created nor maintained the nuisance and the complaint as to the District was properly dismissed.

Affirmed.

Town of Rocky Hill, 126 Conn. 402, 11 A. 2d 399 (insecure and dangerous paving by the city).

8. See Royston v. City of Charlotte, 278 Mich. 255, 270 N.W. 288, commenting upon Vanderford v. City of Houston, Tex.

Civ.App., 286 S.W. 568. Cf. Husband v. Salt Lake City, 92 Utah 449, 69 P.2d 491.

9. See District of Columbia v. Tyrrell, 41 App.D.C. 463, certiorari dismissed, 243 U.S. 1, 37 S.Ct. 361, 61 L.Ed. 557.