482

NORTON & COMPANY, Inc., a corporation,
Appellant,

v.

DISTRICT OF COLUMBIA, a municipal
corporation, Appellee.

No. 2775.

Municipal Court of Appeals for the
District of Columbia.

Argued July 10, 1961.

Decided Aug. 28, 1961.

Georges Serabian, Washington, D. C.,
with whom South Trimble, III, Washington, D. C., was on the brief, for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

HOOD, Associate Judge.

Norton & Company, Inc., sued the District of Columbia for damages resulting from a collision of its tractor-trailer with an overhanging tree limb on Wisconsin Avenue. Judgment was for the District, and Norton takes this appeal.

The tractor-trailer, operated by a Norton employee named Phillips, was traveling north on Wisconsin Avenue. At the intersection of Wisconsin and Western Avenues Phillips stopped the vehicle for a red light. Wisconsin Avenue at Western has three northbound lanes, and the tractor-trailer was in the middle lane. Phillips noticed that the first automobile in his lane, about two tractor-trailer lengths in front of his vehicle, was stalled. When the light changed Phillips steered the tractor-trailer into the right hand or curb lane, and as he straightened out in the curb lane "he heard a scraping noise and realized he had struck the overhanging limb of the northernmost tree located on the east side of the 5300 block of Wisconsin Avenue." [1] Damages to the trailer amounted to almost $1,300.

At trial Phillips testified that he had traveled the Wisconsin Avenue route at least three or four times each month for four or five years; that "he was aware of the fact that he was required to drive more carefully while operating the truck in the curb lane than he otherwise would in order to avoid overhanging tree limbs"; that "he never saw anything dangerous about the

1. Statement of Proceedings and Evidence.

tree limb prior to the accident"; and that he was looking straight ahead when he steered the tractor-trailer into the curb lane just before the accident.

There was other evidence presented at trial, but for purposes of this appeal we believe it necessary to set out only the following additional facts. The lower edge of the tree limb measured 12 feet 3 inches in height above the gutter at the curb, and 12 feet 6 inches at a distance of 15 inches from the curb. The tree itself was apparently 35 to 38 years old, and the limb that caused the damage probably had been at a height of 12 feet 3 inches from the gutter for a minimum of five to seven years. It was also established that the vertical height of the trailer, under the same load conditions as the day of the accident, was 12 feet 4 inches.

In deciding for the District of Columbia the trial court found (1) the maintenance and care of the tree was a governmental function which made the District immune from liability; and (2) Phillips, Norton's driver, was negligent. Norton insists both findings were erroneous.

 We believe we do not have to reach the question of governmental immunity. We think there was sufficient evidence to support the trial court's finding that Norton's driver was contributorily negligent. No emergency or safety requirement compelled him to use the curb lane. He could have used the lane on his left, instead of the one on his right, or he could have waited until his lane was clear. His use of the curb lane was therefore voluntary. The overhanging limb was in clear view and to a careful observer it was obvious that the clearance, if any, between the limb and the trailer was scant. Under these circumstances it was for the trier of the facts to decide whether the driver was or was not negligent in proceeding as he did. There is no doubt that the trial court treated the question as one of fact, although Norton appears to argue that the trial court ruled as a matter of law that use of the curb lane by the trailer was negligence. The record does not support this argument.

 One other claim of error remains. Norton argues that the trial court should have found that the overhanging limb constituted a nuisance maintained by the District of Columbia. In Roberson v. District of Columbia, D.C.Mun.App., 86 A.2d 536, this court had an opportunity to review the law of nuisance as it concerns the District of Columbia, and we pointed out the distinction between nuisance and negligence. We believe the distinction applies to this case and clearly indicates that the tree limb did not constitute a nuisance.

Affirmed.