THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. NASHAUN B. QUICK, Defendant-Appellee.

Third District    No. 3—00—0927

Opinion filed April 23, 2001.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Gary F. Gnidovec (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Geoffrey P. Campbell (argued) and Stephanie Barrick, both of Schoede, Scott, Panousis, Campbell & Barrick, of Rock Island, for appellee.

JUSTICE SLATER delivered the opinion of the court:

Following a jury trial, defendant, Nashaun B. Quick, was convicted of first degree murder. On appeal, this court reversed his conviction and remanded his cause for a new trial. *People v. Quick*, 308 Ill. App. 3d 474, 720 N.E.2d 1137 (1999), *appeal denied*, 188 Ill. 2d 578, 729 N.E.2d 502 (2000), *cert. denied*, 531 U.S. 872, 148 L. Ed. 2d 120, 121 S. Ct. 174 (2000). On remand, the circuit court granted defendant's motion for discharge on the ground that the State had failed to retry defendant within the time established by the speedy trial act (the Act) (725 ILCS 5/103—5 (West 2000)). The State filed its certificate of impairment and notice of appeal. See 145 Ill. 2d R. 604(a).

On appeal, the State contends that the circuit court erred because: (1) there is no statutory right to a speedy trial on remand for a new trial; and (2) assuming, *arguendo*, that such a right exists, the State's filing of a petition for writ of *certiorari* automatically tolls the Act's 120-day period for bringing a defendant to trial.

On January 11, 2000, the State filed its petition for leave to appeal with the Illinois Supreme Court seeking review of this court's decision to reverse defendant's conviction and remand his cause for a new trial. The supreme court denied the petition on April 5, 2000.

On April 26, 2000, the State filed a petition with the supreme court asking the court to stay its mandate pending the State's filing of a petition for writ of *certiorari* to the United States Supreme Court. The petition was denied.

On May 9, 2000, this court filed its mandate with the circuit court. The State filed its petition for writ of *certiorari* on June 30, 2000. The United States Supreme Court denied the petition on October 2, 2000. Defendant filed his motion for discharge with the circuit court on October 11, 2000, contending that, as 155 days had elapsed since the appellate court filed its mandate, the State had failed to retry him within the 120-day limit established by the Act.

The circuit court granted defendant's motion. In a written order, the court stated that, according to controlling supreme and appellate court case law, when a criminal defendant's cause is remanded for a new trial, the Act's speedy trial term begins to run from the time the appellate court's mandate is filed in the circuit court. The circuit court also ruled that the speedy trial term is not tolled by the filing of a petition for writ of *certiorari*.

■ The Act provides, *inter alia*, that "[e]very person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant." 725 ILCS 5/103—5(a) (West 2000). "It is well settled that, when a defendant prevails in an Illinois court of review, a new statutory 120-day [speedy trial] term will commence running when the mandate issues and is docketed in the trial court." *People v. Crane*, 195 Ill. 2d 42, 49 n.2, 743 N.E.2d 555, 560 n.2 (2001), citing *People v. Worley*, 45 Ill. 2d 96, 256 N.E.2d 751 (1970); see also *People v. Adams*, 36 Ill. 2d 492, 224 N.E.2d 252 (1967). Moreover, in promulgating its rules, the supreme court clearly contemplated the Act's application to causes remanded for a new trial. Supreme Court Rule 604(a)(4) provides that "[t]he time during which an appeal by the State is pending is not counted for the purpose of determining whether an accused is entitled to discharge under [the Act]." 145 Ill. 2d R. 604(a)(4).

The State concedes that the Illinois Supreme Court decisions applying the Act to cases in which a reviewing court has remanded a defendant's cause for a new trial are controlling authority for the proposition that there exists a statutory right to a speedy trial under such circumstances. The State also acknowledges that this court has no option but to follow the decisions of our state's highest court. See *Rickey v. Chicago Transit Authority*, 98 Ill. 2d 546, 457 N.E.2d 1 (1983). The State maintains that it challenges these decisions in this court only to preserve the issue for further review.

However, the State also urges us to question the wisdom of the decisions. We decline to do so. It is not a proper function of the Appellate Court of Illinois to act as an advisory body to the supreme court. Accordingly, in keeping with our proper role as an intermediate court of review, we merely observe, that pursuant to controlling authority, defendant was possessed of a statutory right to a speedy trial when his cause was remanded for a new trial. Thus, we have only to address the State's contention that the filing of a petition for writ of *certiorari* automatically tolls the running of the Act's 120-day period for bringing a defendant to trial.

■ On remand, the Act's speedy trial term commences when the reviewing court's mandate is filed and properly docketed in the circuit court. *People v. Alerte*, 239 Ill. App. 3d 1050, 608 N.E.2d 1 (1992). Unless it is stayed, the clerk of the reviewing court transmits the mandate to the circuit court no earlier than 21 days after the entry of judgment. 155 Ill. 2d R. 368(a).

In cases other than those in which the appellate court has modified or set aside an injunction, the appellate court's mandate is stayed automatically if, before the mandate may issue, a party entitled to seek review by the supreme court files either an affidavit of intent to file a petition for leave to appeal or a petition for leave to appeal.[1] 155 Ill. 2d R. 368(b). However, where a party seeks review by the United States Supreme Court, a stay is not automatic. See 155 Ill. 2d R. 368(c). Furthermore, whether to grant the stay is a decision committed to the discretion of the court from which the stay is sought. 155 Ill. 2d R. 368(c), Committee Comments, at clxv.

■ In the case at bar, the Illinois Supreme Court denied the State's motion to stay its mandate pending disposition of the State's petition

---

[1] Rule 368 is applicable to criminal appeals. See 177 Ill. 2d R. 612(q). In addition, it should be noted that the State may petition for leave to appeal to the Illinois Supreme Court. 145 Ill. 2d R. 604(a)(2). Thus, the State is "a party who is entitled to seek review by the [Illinois] Supreme Court" (155 Ill. 2d R. 368(b)).

for writ of *certiorari* to the United States Supreme Court. Although it could have, the State did not seek a stay from this court. See 155 Ill. 2d R. 368(c). Nor did the State avail itself of the opportunity to seek a stay from the United States Supreme Court. See 28 U.S.C. § 2101(f) (1994). Accordingly, absent delay occasioned by defendant, the State had 120 days to bring defendant to trial once this court's mandate was filed and docketed on May 9, 2000.

The State concedes that defendant caused no delay that would serve to toll the running of the speedy trial term and that more than 120 days had elapsed when defendant filed his motion for discharge. Nevertheless, the State argues that, even in the absence of a stay or recall of the mandate, its filing of a petition for writ of *certiorari* tolled the running of the speedy trial term.

In support of its argument, the State cites to Supreme Court Rule 604(a)(4). That rule provides that "[t]he time during which an *appeal* by the State is pending is not counted for the purpose of determining whether an accused is entitled to discharge under [the Act]" (emphasis added) (145 Ill. 2d R. 604(a)(4)). However, throughout the supreme court rules, an "appeal" is given distinct treatment from a request for discretionary review. See, *e.g.*, 145 Ill. 2d R. 604(a)(3) ("defendant shall not be held in jail or to bail during the pendency *** of a *petition* or *appeal* by the State under Rule 315(a)" (emphasis added)). A petition for writ of *certiorari* to the United States Supreme Court is a request for discretionary review. See *Hammerstein v. Superior Court*, 341 U.S. 491, 95 L. Ed. 1135, 71 S. Ct. 820 (1951); 28 U.S.C.A. § 1257, Historical Notes, Commentary on 1988 Revision (West 2000). Therefore, Rule 604(a)(4) is inapposite to the instant matter as the State's petition for writ of *certiorari* is not an "appeal" within the meaning that term is given in the supreme court rules.

What is more, it is an oft-stated maxim that the expression of one thing in an enactment excludes all others (*Welch v. Johnson*, 147 Ill. 2d 40, 588 N.E.2d 1119 (1992)). Accordingly, because Rule 604(a)(4) expressly applies to appeals only, the rule evinces an intent that requests for discretionary review should not toll the running of the Act's speedy trial term. Therefore, we hold that, pursuant to Supreme Court Rule 604(a)(4), the Act's speedy trial term is not tolled when the State files a petition for writ of *certiorari* to the United States Supreme Court. In light of this holding, we decline to consider the State's public policy arguments in support of the contrary conclusion.

For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

HOMER, P.J., and HOLDRIDGE, J., concur.