## THE MONROSA et al. v. CARBON BLACK EXPORT, INC.

No. 178. Argued March 3–4, 1959.—Decided March 30, 1959.

*E. D. Vickery* argued the cause for petitioners. With him on the brief was *George W. Renaudin.*

*Joseph T. McGowan* argued the cause for respondent. With him on the brief was *Carl G. Stearns.*

*Henry N. Longley* filed a brief for the American Institute of Marine Underwriters, as *amicus curiae,* urging affirmance.

MR. JUSTICE BRENNAN delivered the opinion of the Court.

The respondent, Carbon Black Export, Inc., a Delaware corporation, brought a libel in admiralty in the District Court for the Southern District of Texas for damage sustained to a shipment of carbon black during an ocean voyage from Houston and New Orleans to various Italian ports. The libel was one *in rem* against the vessel in question, the S. S. *Monrosa,* then in the port of Houston on another voyage, and *in personam* against the *Monrosa's* owner, Navigazione Alta Italia, an Italian corporation. The latter filed an appearance in response to the libel *in personam,* and, as owner of the vessel, filed a claim to it, and prayed to defend the libel *in rem.* In respect to the libel *in rem,* a stipulation to abide the decree, in the penal sum of $100,000, was filed by the claimant and the National Surety Company, its surety, and approved by the present respondent. Navigazione Alta Italia then moved that the District Court decline jurisdiction over the cause, on the grounds that the parties had agreed, by a provision in the bills of lading covering the shipment, that controversies in regard to cargo damage should be settled only in the courts of Genoa, Italy. The District Court granted the motion, subject to the filing of a bond by Navigazione Alta Italia in the sum of $100,000 to respond to whatever judgment might finally be rendered on the cause of action in question. The Court of Appeals for the Fifth Circuit reversed. It found the provision in the bill of lading in terms inapplicable to suits *in rem,* and it declined to enforce its terms to require a dismissal of the libel *in personam.* 254 F. 2d 297. We granted certiorari, 358 U. S. 809, because of an indicated conflict in principle between the Fifth Circuit's views as to enforceability of such provisions and those taken by the Second Circuit, primarily in *William H. Muller & Co.* v. *Swedish American Line Ltd.,* 224 F. 2d 806.

We do not believe that this case affords us an appropriate instance to pass upon the extent to which effect can be given to such stipulations in ocean bills of lading not to resort to the courts of this country. The provision in this case was one of many printed provisions in a form bill of lading prepared by the carrier and presented by it for use in shipments on its vessel. It reads:

"27.—ALSO, that no legal proceedings may be brought against the Captain or Shipowners or their Agents in respect to any loss of or damage to any goods herein specified except in Genoa, it being understood and agreed that every other Tribunal in the place or places where the goods were shipped or landed is incompetent, not withstanding that the ship may be legally represented there."

We find ourselves in agreement with the views of the Court of Appeals below that this clause should not be read as limiting the maintenance of an action *in rem,* cf. *The Maggie Hammond,* 9 Wall. 435, 449–450, against the vessel to enforce a maritime lien for proper carriage. The initial words are particularly appropriate to a restriction of the clause to *in personam* actions, and the rest of the language is intelligible on this premise.*  In accord-

---

*We note that in another place the bill of lading makes specific recognition of suits both *in rem* and *in personam.* Clause 35 provides:

"35.—In any event the Carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after the delivery of the goods or the date when the goods should have been delivered. Suit shall not be deemed brought until jurisdiction shall have been obtained over the Carrier and/or the ship by service of process or by an agreement to appear."

While the first sentence is verbatim from § 3 (6) of the Carriage of Goods by Sea Act, 49 Stat. 1209, 46 U. S. C. § 1303 (6), the language nevertheless reinforces the fact that if both categories of suit were to be included under Clause 27, apt words to accomplish this were readily available, and were in fact used in another clause of the bill.

ance with the familiar rule in such circumstances, we will not stretch the language when the party drafting such a form contract has not included a provision it easily might have. *The Caledonia,* 157 U. S. 124, 137; *The Majestic,* 166 U. S. 375, 386; *Compania de Navigacion La Flecha* v. *Brauer,* 168 U. S. 104, 118. Considerations involved in construing exemptions from carriers' liability provided by Acts of Congress are, we think, quite different. See *Consumers Import Co.* v. *Kabushiki Kaisha Kawasaki Zosenjo,* 320 U. S. 249. It is a form contract, not a statute, that we construe here.

Accordingly, after oral argument, we have concluded that the Court of Appeals was correct in holding that the libel *in rem* was properly maintainable. Both parties approved a secured stipulation to release the vessel from seizure under the libel, in an amount substantially the same as the recovery demanded by the libellant. This same amount the District Court denominated as proper security against a recovery elsewhere. We need not conjure up doubts in this regard that the parties never expressed. While the parties were entitled to have the judgments of the courts below as to whether the libel *in personam* was also maintainable, we do not believe it a proper exercise of our discretionary jurisdiction to pass on that aspect of the case, which alone presents the question which led us to grant certiorari. It appears that in any event the respondent will be able to try its claim in the District Court.

In the light of these circumstances, which "were not . . . fully apprehended at the time certiorari was granted," *Ferguson* v. *Moore-McCormack Lines, Inc.,* 352 U. S. 521, 559 (separate opinion), the writ of certiorari will be dismissed as improvidently granted. *Rice* v. *Sioux City Memorial Park Cemetery, Inc.,* 349 U. S. 70, 75; *Goins* v. *United States,* 306 U. S. 622; *Moor* v. *Texas & New Orleans R. Co.,* 297 U. S. 101; *Southern Power Co.*

v. *North Carolina Public Service Co.*, 263 U. S. 508. Cf. *Hammerstein* v. *Superior Court of California*, 341 U. S. 491, 492; *McCarthy* v. *Bruner*, 323 U. S. 673; *Layne & Bowler Corp.* v. *Western Well Works, Inc.*, 261 U. S. 387, 392–393; *Tyrrell* v. *District of Columbia*, 243 U. S. 1. Examination of a case on the merits, on oral argument, may bring into "proper focus" a consideration which, though present in the record at the time of granting the writ, only later indicates that the grant was improvident. See *Rice* v. *Sioux City Memorial Park Cemetery, Inc.*, *supra*, at 73. While this Court decides questions of public importance, it decides them in the context of meaningful litigation. Its function in resolving conflicts among the Courts of Appeals is judicial, not simply administrative or managerial. Resolution here of the extent to which these bill of lading provisions may be given effect by our courts can await a day when the issue is posed less abstractly.

*Writ of certiorari dismissed.*

MR. JUSTICE HARLAN, whom MR. JUSTICE FRANK-FURTER, MR. JUSTICE WHITTAKER, and MR. JUSTICE STEWART join, dissenting.

I cannot agree with the Court's view that Clause 27 of the bill of lading, fixing Genoa, Italy, as the forum for legal proceedings in respect of loss or damage to the goods shipped, applies only to actions *in personam*, and not to actions *in rem*. The Court's reading of the clause imputes to the parties the drawing of a distinction the purpose of which is impossible to grasp. As this Court said in *Consumers Import Co.* v. *Kabushiki Kaisha Kawasaki Zosenjo*, 320 U. S. 249, 253, in referring to an earlier case, "The Court said that 'To say that an owner is not liable, but that his vessel is liable, seems to us like talking in riddles.' The riddle after more than half a century

repeated to us in different context does not appear to us to have improved with age."

Apart from this, however, I see no justification for our not reaching the question of the validity of Clause 27 with respect to *in personam* actions, an issue which still remains in the case even on the Court's view that the clause does not embrace *in rem* proceedings. That question, of course, presents no constitutional issue which we should strive to avoid, but is only one of ordinary commercial admiralty law. It is the only question which led us to take this case for review. And the issue has been fully briefed and argued by the parties. To be sure, it is possible that this question is not of great importance to the litigants if the *in rem* action can in any case go forward in Texas. But the very fact that respondent chose to institute and continue actions both *in personam* and *in rem* shows that it was not content to rely solely on the vessel's surety, and cautions against our now gratuitously treating the *in personam* action as purely academic. Moreover, review by certiorari, as Chief Justice Hughes once put it, is "in the interest of the law, its appropriate exposition and enforcement, not in the mere interest of the litigants." *

Furthermore, I do not think this can be called a case where the circumstances presently confronting us "were not manifest or fully apprehended at the time certiorari was granted." See *Ferguson* v. *Moore-McCormack Lines, Inc.,* 352 U. S. 521, 559 (separate opinion). The question of the construction of the clause, and that of its validity, were both fully discussed by the parties in their certiorari papers. Indeed, it was apparent on the surface of things that we might find ourselves in the very position we now are, since the Court of Appeals had itself found Clause 27 inapplicable to *in rem* proceedings and had then gone on

*S. Rep. No. 711, 75th Cong., 1st Sess., p. 39.

to consider the validity of the clause as related to *in personam* actions.

Avoidance of decision now on a question which is obviously bound to recur seems to me to be both unsatisfactory and unsound judicial administration., The course which the Court has taken serves only to leave the lower federal courts in confusion and uncertainty and to make it necessary for us to mortgage our future and constantly mounting calendars with a question which we could and should decide today. As the Court has not spoken on that question it would be inappropriate for me to express my own view upon it.