**AETNA INSURANCE COMPANY,**
Libellant,

v.

**THE S/S SATRUSTEGUI, her engines, boilers, apparel and furniture, and Compañia Trasatlantica Española, S. A., owners of the S/S Satrustegui; and all persons lawfully intervening for their interest in said vessel, Respondents.**

No. 4–58.

United States District Court
D. Puerto Rico,
San Juan Division.

Aug. 11, 1959.

Hartzell, Fernandez & Novas, San Juan, P. R., for libelant.

Cordova & Gonzalez, San Juan, P. R., for respondents.

RUIZ-NAZARIO, District Judge.

This suit is before the Court on a motion by libellant to reconsider the order of March 17, 1959 [1] by which this Court declined to entertain the suit for the reasons stated in that order. Since the filing of the opinion and order of March 17, the attention of the Court has been directed to Monrosa v. Carbon Black, 359 U.S. 180, 79 S.Ct. 710, 3 L.Ed.2d 723, in which the Supreme Court held that a suit in rem could be maintained in a United States District Court despite a clause in the bill of lading which purported to vest exclusive jurisdiction on the Courts of Genoa, Italy. The decision rests strictly on the interpretation of the clause, which the Court construed as not including, by its language, a suit in rem as distinguished from an action in personam against the shipowner.

The particular words in the bill of lading which must be reconsidered in the light of Monrosa are the following:

"20—Any claim or complaint to be made against the Compañia Trasatlantica in connection with the con-

---

tract of affreightment to which this Bill of Lading refers, must of necessity be submitted to the courts of Barcelona, the single jurisdiction to which this Company submits."

I am of the opinion that the phrase "20—Any claim or complaint to be made against the Compañia Trasatlantica" restricts the clause to *in personam* actions, as explained by the Supreme Court in the Monrosa case at page 182 of 359 U. S., at page 712 of 79 S.Ct. The order of March 17, 1959 is therefore vacated in part insofar as it purported to dismiss the libel in rem against the vessel Satrustegui, the same being hereby reinstated, and with respect to the libel in personam against the Compañia Trasatlantica Española, S. A., owners of the S/S Satrustegui, the motion for reconsideration is hereby denied.