**INSURANCE COMPANY OF NORTH AMERICA, Libelant,**

v.

**N. V. STOOMVAART–MAATSCHAPPIJ "OOSTZEE" and THE Steamship LOPPERSUM, Respondent.**

No. 4937.

United States District Court
E. D. Louisiana,
New Orleans Division.
Dec. 28, 1961.

Deutsch, Kerrigan & Stiles, Rene S. Paysse, New Orleans, La., for libelant.

Terriberry, Rault, Carroll, Martinez & Yancey, James L. Schupp, Jr., New Orleans, La., for respondent.

AINSWORTH, District Judge.

Respondent, a Dutch corporation, appearing in its own behalf and as owner of the Steamship Loppersum, has moved this Court to decline jurisdiction and dismiss a cargo damage libel brought by libelant insurance company as assignee and subrogee of an American shipper and a German consignee. The claim grows out of a shipment of 72 drums of wood resin made on or about September 4, 1960 from Mobile, Alabama, to Amsterdam, Holland, which arrived at destina-

tion on September 24, 1960, alleged to be in a heavily damaged condition.

The present libel is filed both *in personam* against the steamship company and *in rem* against the vessel.

The motion is based on the provisions of Clause 22 of the ocean bill of lading under which the cargo was carried, which vests exclusive jurisdiction in the Court at Amsterdam of any action with regard to any claim under said bill of lading.[1]

In Carbon Black Export, Inc. v. The Monrosa, 254 F.2d 297 (5th Cir. 1958), the Fifth Circuit had occasion to consider a clause in an ocean bill of lading which vested exclusive jurisdiction of legal proceedings brought against the captain or ship owners or their agents to the court in Genoa, Italy.[2] In the cited case the libel, filed in the Southern District of Texas, was both *in personam* against the steamship company and *in rem* against the vessel and grew out of claims for cargo damage to shipments from Houston and New Orleans to Italian ports. The Court of Appeals held the clause to be unlawful both as to *in personam* and *in rem* libels and said:

"We are of the opinion also that the court below should have denied the motion of respondent Navigazione to decline *personal jurisdiction* to it. In essence, the motion was based upon Clause 27 as buttressed by the doctrine of forum non conveniens. Any consideration of such a question starts with the universally accepted rule that agreements in advance of controversy whose object is to oust the jurisdiction of the courts are contrary to public policy and will not be en-

---

1. "Clause 22—Any action with regard to any dispute or claim arising under this bill of lading and the contract evidenced thereby shall be brought before the Court at Amsterdam to the exclusion of any other courts unless the Carrier appeals to another jurisdiction or voluntarily submits himself thereto."

2. "Clause 27—Also, that no legal proceedings may be brought against the Captain or ship owners or their agents in respect to any loss of or damage to any goods herein specified, except in Genoa, it being understood and agreed that every other Tribunal in the place or places where the goods were shipped or landed is incompetent, notwithstanding that the ship may be legally represented there."

78

forced." (pp. 300–301) (Emphasis supplied.)[3]

The Supreme Court granted certiorari in the Carbon Black case, 358 U.S. 809, 79 S.Ct. 43, 3 L.Ed.2d 54 (1958), but held that since the clause in the ocean bill of lading involved did not exclude *in rem* actions, and the libel was filed both *in personam* and *in rem,* it would not disturb the decision of the Fifth Circuit. However, the Supreme Court declined to pass on the validity of the jurisdictional clause as it related to *in personam* actions. 359 U.S. 180, 79 S.Ct. 710, 3 L.Ed.2d 723 (1959)

Here the jurisdictional provision involved in Clause 22 refers to *"Any action,"* obviously referring to both *in personam* and *in rem* actions. Nevertheless, the Fifth Circuit's holding in Carbon Black is applicable and such an attempt to oust the Court of its jurisdiction in advance will be stricken herewith as being contrary to public policy and unenforceable.

We believe the applicable clause in the present case is unreasonable because libelant is an American citizen, subrogee of an American consignor and German consignee, the contract was made and partially executed in the United States by a Dutch steamship company with an agent in the United States in New Orleans, and the bill of lading specifically adopts the Carriage of Goods by Sea Act of the United States.[4] To require the American libelant to journey to Amsterdam for the assertion of its claim under these circumstances is wholly unreasonable, unrealistic and impractical. The one-year Statute of Limitation in the Carriage of Goods by Sea Act of the United States having now expired, it is doubtful that this claim could be pursued in the Dutch court. (46 U.S.C.A. § 1303 (6)).

The holding here, as in the Carbon Black case, differs from that of the Second Circuit in Muller & Co., Inc., v. Swedish American Line, Ltd., 224 F.2d 806 (2d Cir., 1955),[5] but we follow the holding of the Fifth Circuit in the Carbon Black case which we believe accurately interprets and applies the applicable provisions of law under the existing facts and circumstances.

The motion to decline jurisdiction is denied.

---

3.  The cases are listed in Annot., 56 A.L.R. 2d 300, 306 (1957); 6 Corbin, Contracts Sec. 1445 (1951).

4.  46 U.S.C.A. § 1300 et seq.

5.  There is this difference, however. In Muller the ship was lost at sea and there was therefore, no libel *in rem,* as was filed here. Carbon Black cites with approval (254 F.2d p. 300) the universally

recognized principle applicable to ocean-going carriers which gives the right to libelant, possessing a maritime lien, to proceed *in rem* in the jurisdiction where the vessel is found. The Fifth Circuit points out that the principle itself is at stake on the issue of whether the court should retain jurisdiction when a bill of lading attempts to oust jurisdiction of an *in rem* libel.