**D. F. GLOVER, Plaintiff-Appellant,**

v.

**Harold T. DANIEL, etc., et al.,
Defendants-Appellees.**

**No. 29253.**

United States Court of Appeals,
Fifth Circuit.

Nov. 5, 1970.

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., Conrad K. Harper, Jack Greenberg, James M. Nabrit, III, New York City, for plaintiff-appellant.

Johnnie L. Caldwell, Richard T. Bridges, Donald A. Page, Thomaston, Ga., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and DYER and INGRAHAM, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the District Court for the Northern District of Georgia, denying injunctive relief, salary payments, and attorney's fees sought by appellant following the school district's refusal to reemploy him as a principal for the 1969–70 school year. Appellant Glover instituted this action on May 2, 1969, against school superintendent Harold T. Daniel and his employer, the Pike County, Georgia, Board of Education. The action was brought pursuant to 28 U.S.C. § 1343(3); 42 U. S.C. §§ 1981, 1983, 2000d et seq.; 45 CFR §§ 80.4 and 181 et seq.; the Thirteenth and Fourteenth Amendments. The complaint asserted that the board's refusal to rehire appellant principal was racially motivated in violation of his federal statutory and constitutional rights.

The case was tried to the court without a jury on a single issue: Whether the failure to rehire the plaintiff as principal of the Pike County schools for the 1969–70 school year was or was not for racial reasons in violation of his civil rights.

A full plenary hearing was conducted. Eleven witnesses, including plaintiff and defendant Daniel, were interrogated on both direct and cross examination.

Plaintiff Glover testified in his own behalf that he is 42 years of age, a member of the black race, holding a position with a county school system during the past year as principal of Pike Consolidated School. He testified that he holds an A. B. Degree, M. A. Degree, and a six-year certificate from the State Department of Education, having received his A. B. Degree from Ft. Valley State College and his Masters Degree from the Atlanta University. He testified further that he had been a principal for 13 years, having served five years at East Pike Elementary School in Zebulon and eight years at Pike Consolidated School, Concord, Georgia. Before that he was a teacher in the Pike County System at Zebulon and at Concord. As a teacher, his principal subject was Social Science. He testified that he improved the average daily attendance and lunchroom attendance, and used a self-study system, using evaluative criteria to upgrade the curriculum of the school. This self-study criteria was testified to be a group of standards got together by experts from all over the country. The purpose was to apply this system against his school and see where it fell short. This happened prior to his going over to Pike County Consolidated School. He testified that he did similar things at the Pike County Consolidated School.

The only testimony he gave, bearing directly on the question as to why he thought his discharge was racially motivated, was to the effect that he had given 19 years of good service, that he was professionally trained, and that *he could think of no other reason for his discharge other than race.* He did testify that the

superintendent told him that he "talked too much" at the principals' meetings and that on one occasion, after his discharge, when the County Board met to reconsider its action, one board member said he wouldn't vote to rehire Glover because none of the white folks wanted him. However, the statement imputed to a board member was made at a meeting called to reconsider their action in not extending him a contract, and was after the original action had been taken not to rehire Glover.

The other witnesses called by Glover testified basically and generally to his good character, with little or no evidence upon the issue of racial discrimination.

Considering the record as a whole, we hold that plaintiff Glover failed to discharge his burden of proof to substantiate his claims by a preponderance of the evidence. His claims are based upon speculation and suspicion.

The district court denied relief, stating that the plaintiff had not shown that his failure to be rehired was racially motivated. The findings of the district court are supported by evidence and are not clearly erroneous. Glover v. Daniel et al., 318 F.Supp. 1070 (N.D.Ga. 1969).

Affirmed.