**Don E. JENNINGS, Plaintiff,**

**v.**

**The MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT et al., Defendants.**

**Civ. A. No. 1573.**

United States District Court,
S. D. Mississippi, E. D.

Dec. 20, 1970.

Supplementary Opinion March 2, 1971.

Thomas C. Hogan, Meridian, Miss., for plaintiff.

William B. Compton, Meridian, Miss., for defendants.

WILLIAM HAROLD COX, District Judge.

This suit by this black plaintiff seeks a contract as a science teacher in this public school for the school year 1970–1971 at Meridian, Mississippi. The matter at this juncture is before the court on application of the plaintiff for a temporary injunction. A teacher in Mississippi has no vested right to a contract of employment by the trustees, but there can be no basis for their failure to employ this teacher which is in any wise, or to any extent related to, or predicated upon his race, or his proper exercise of any constitutional right. The court ordered the trustees to give the plaintiff a hearing accompanied by a confrontation with witnesses giving their reasons for not employing this teacher for the current school year to clearly show the real reasons for not employing him since he had been in the employ of the school district as a science teacher for nine school years next preceding May 30, 1970. A very exhaustive hearing has been afforded the plaintiff by this school district, and the court has its findings and conclusions to support its action filed in this case on November 16, 1970. The transcript contains almost six hundred pages, and has been carefully examined and analyzed by the court in an effort to ferret out the facts relating to the issues in suit.

To avoid undue and unnecessary prolixity, this court adopts as facts, abundantly supported by the record in this case, the findings and conclusions of the Board of Trustees of the Meridian Municipal Separate School District, signed by its president and attested by its secretary on November 16, 1970, which is incorporated herein and made a part hereof by reference thereto. This record shows by a clear preponderance of all of the evidence and circumstances and reasonable inferences deducible therefrom, that the plaintiff here did not fail to be awarded a contract as a teacher in the public schools in this school district because of his race, or because of his exercise of any First Amendment right, or any other vested right as a citizen. He was employed in previous years as a teacher and his performance of duty simply did not measure up to required, or acceptable standards. The factual details are contained in the report of the school district, and are adopted by reference thereto as being fully supported by the testimony in this case.

This record abounds with evidence that this teacher's contract was not awarded to him for several valid reasons. He did not follow the prescribed course of study prescribed for the school as he was duty bound to do. He did not or could not maintain discipline with his students, and authorized them to use the library in contravention of prescribed rules and regulations of the school. He was tardy for many of his classes with impunity. He was imbued with the feeling and attitude that his race, or color always had something to do with a rule or regulation of the school with which

he did not agree, or which he positively disapproved. This man apparently had the basic training necessary to teach, and his popularity with his students was probably occasioned by his laissez faire philosophy which doubtless was popular with these students.

The plaintiff has not shown by a preponderance of the evidence to this court that he had any vested right to this contract for the school year 1970–1971, or that this refusal by the defendants to award him a contract was racially motivated, or related in any way to the unpopularity of any of his personal views on any political question; or that the refusal of his contract by the defendants impinged upon any First Amendment, or Fourteenth Amendment, or other vested rights. It cannot be truthfully said on this record that the plaintiff is entitled to a temporary injunction to safeguard, or vouchsafe any vested right, or prevent an irreparable injury. There is no likelihood on the evidence before this court that this plaintiff would be entitled to or receive any extraordinary relief in the form of a permanent injunction. Such extraordinary process is not strictly a matter of right even though irreparable injury may result, though not so in this case. Any such injunction would affect the public interest, and a bond could not compensate therefor. Yakus v. United States, 64 S.Ct. 660; Wooten v. Ohler, (5CA) 303 F.2d 759. The plaintiff has simply not shown this court by the necessary quantum and quality of convincing evidence that he is entitled to the preliminary process which he seeks here. That relief will be denied. Glover v. Daniel, (5CA) 434 F.2d 617.

The timetable of this court was interrupted by the delay in filing this record with the court during the court's vacation, and a very heavy schedule of litigation set for disposition immediately upon return to the district, so this case has been set today by special notice to the parties for hearing at the heel of the calendar on January 7, 1971 in Meridian.

A judgment denying plaintiff's request for a temporary injunction, and incorporating these findings and conclusions by reference thereto may be presented by the defendants for entry within five days after this date.

## SUPPLEMENTARY OPINION

This court by opinion dated December 21, 1970 denied the plaintiff a preliminary injunction in this case. The plaintiff applied for a permanent mandatory injunction in this case, and both sides rested without introducing any other, or further evidence, or testimony other than that before the court on application for a temporary injunction.

The plaintiff seeks a mandatory injunction to compel this municipal separate school district to employ him as a science teacher. He was not *discharged* as a teacher for the school year of 1970–1971, but he was simply not *rehired*. The plaintiff had no vested right to be rehired, and consequently had no tenure, but he had been rehired by the school system from year to year for the nine previous years. The first eight years was as a science teacher in an all-black school. The last year was as a science teacher at the Northwest Junior High School, which was an integrated school during the year 1969–1970. Apparently, his previous service was satisfactory in the all-black school, but his services were not acceptable or satisfactory during the the last year in the integrated facility.

The only way a teacher could be hired under the school laws in Mississippi was for him to have been recommended for employment by his school principal. The school principal would then be obliged to recommend the teacher to the superintendent who in turn would recommend employment under an annual written contract by the trustees. This plaintiff was not recommended for reemployment by any of these school of-

ficials as required by statute.[1] The plaintiff has resorted to the usual and customary ploy in such case, and asserts that his civil rights were impinged upon by reason of the failure of this school to rehire him during the current school year. The court has carefully examined and analyzed the testimony in this transcript of the hearing before the Board of Trustees of this school, and can find no substantial support in this record of that contention. On the contrary, this record clearly shows that the plaintiff did not, or could not maintain any discipline among his students. This failure in line of duty as to this very important aspect of school training was called to the attention of this teacher by his principal on several occasions without effect. The testimony shows that this teacher while at Northwest Junior High School manifested a lack of interest, and even an indifference to conforming with school policies, and cooperating with the school authorities in the conduct of his duties. He paid little if any attention to the course of study outlined and approved and adopted by the school for teaching of his classes, but charted his own course, and taught his subjects in his own way on a grade level often much below that in which the student was registered as a course of study. He was uncooperative with the school authorities, and had the attitude that any criticisms did not need to be taken seriously, or require any correction or conformity thereto. The principal, among other things, and in part testified: "I was concerned that in our numerous conversations, Mr. Jennings could never point to me specifically what his stated objec-

tives in the classroom were, what he was trying to accomplish, what learning outcomes he wanted to see as a result of his teaching procedure with the students that he was responsible for. His lack of concern, I think, about the course of study, that content which we all consider very important as sequential materials for one to have opportunities for exploration, was not very important to him, and the projects he showed me that some of his students were involved in were not even related to the materials in the content of the course of study for that given year. Therefore, I think certain students were not given the opportunity to explore areas of science or content that the course of study gave them a right to do. I think that we were in trying times because there was a real effort on the part of everyone to work cooperatively to design a program in a school for all of our kids. I felt administratively that Mr. Jennings did not exert any undue effort and sometimes no effort at all in working with us to curb some of the infractions which could have been very disruptive to our educational process."

Nothing has been presented to this court as evidence to change its findings and conclusions made on the application for a preliminary injunction. This court again adjudges the findings and conclusions of the school board entered on its hearing in this case as the findings and conclusions of this court, and particularly on this application for a permanent injunction.

There are certain well defined principles which must be dealt with in a proper disposition of this case on its

---

1. The method of hiring and contracting with a teacher is outlined by statute in this state, and is found in § 6282–07 Mississippi Code 1942. The principal of each school recommends to the superintendent of the school the teacher to be employed by the school. No alternative method of employment is provided. No teacher hired under any contract has any vested right to be rehired under any circumstances. That is known as tenure which teachers under such contracts do

not have. The same principle for the employment of principals is provided in § 6282–05 Mississippi Code 1942. That statute was so construed by the Supreme Court of Mississippi in Lott v. State of Mississippi, 239 Miss. 96, 121 So.2d 402. Consequently, the fact that this plaintiff had a contract with this school for nine years is not determinative of his right to a contract in this integrated school for the 1970–1971 session.

merits. This teacher had no tenure, and was given no assurance that he would be rehired by this school for the 1970–1971 session, but he could not be discharged or not rehired for any impermissible constitutional reason.[2] At the outset, this court has carefully examined and analyzed this record to find any possible trace of any First Amendment right, or Fourteenth Amendment right, or any other vested right of this teacher which has been infracted by reason of his not being rehired in this case. He was not not rehired because of his race, or his exercise of any constitutional right, but he was not rehired because these trained school people, charged with the awesome responsibility of educating these children, did not find him competent, or suitable, or fit to serve as a teacher in this integrated school. His problems and duties and responsibilities here were quite different from those which he had discharged so satisfactorily in previous years at an all-black school in this district. His contention that he was not rehired because of his exercise of his constitutional rights as a citizen is not established by a preponderance of the evidence in this case.

■ The next question is as to whether or not this plaintiff has shown by a preponderance of the evidence that he was entitled to a school contract as a teacher as a matter of vested right, and that he will suffer an irreparable injury unless this court employs its extraordinary process of a mandatory injunction to compel these defendants to contract with him, or to make a contract for him with this school. That is not within the allowable province of this court.[3] The civil rights of this teacher has clearly not

2. The case at bar involves not a discharge, but a failure to rehire a teacher. Although this teacher had no tenure under his contract with the school, they could not refuse to rehire him because of his race, religion, or assertion of his constitutional rights. The school had no power to curtail his freedom of association, but did have the right not to rehire him at a point where the exercise of his constitutional privileges overbalanced and outweighed his usefulness as an instructor. His visitation of his students in jail had nothing to do with his not being rehired although plaintiff thinks otherwise, and he was remonstrated with by the superintendent for the incident. The trustees gave this teacher a hearing pursuant to an order of this court, and made their findings and conclusions which are supported by convincing evidence, and are entitled to great weight. This court should never lightly substitute its judgment for that of the school board. That is the teaching of William C. Ferguson v. Alvin I. Thomas, (5 CA) 430 F.2d 852.

3. In Henry v. Coahoma County Board of Education, 246 F.Supp 517, there was involved a complaint against the county superintendent of education, and the county board of education for failure to hire the plaintiff as a school teacher, allegedly because of her NAACP connections, and civil rights activities with goals and objectives contrary to the policies and views of the defendants. Injunctive relief was sought. The court reviewed the Mississippi statutory procedure for employment of teachers; cited Lott v. State, 239 Miss. 96, 121 So.2d 402 as holding that a board of education is powerless to employ anyone as a teacher in the public school system unless that person is recommended by the county superintendent. The decision of the trial court relied resourcefully on Adler v. Board of Education, 342 U.S. 485, 72 S.Ct. 380, 96 L.Ed. 517, delineating the rights of the teacher and the duty of the school authorities to carefully screen teachers for their fitness, and to consider their past and present associates as well as their conduct. The teacher's husband had been convicted of a morals charge. Her race and connection with the NAACP, and civil rights activities had nothing to do with her not being reemployed. The court said: "It also needs remembering that it is not now nor has it ever been within the purview of judicial power to make contracts for parties. Monrosa v. Carbon Black Export, Inc., 359 U.S. 180, 79 S.Ct. 710, 3 L.Ed.2d 723 (1959); Memphis & L. R. R. Co. v. Southern Export, 117 U.S. 1, 6 S.Ct. 542, 29 L.Ed. 791 (1882)." That decision was affirmed in Henry v. Coahoma Board of Education, et al., (5 CA) 353 F.2d 648 which adopted that opinion and judgment as that of the Court of Appeals and certiorari was denied by the United States Supreme Court in 384 U.S. 962, 86 S.Ct. 1586, 16 L.Ed.2d 674.

entered into the decision of this school not to rehire this teacher for the current school year. That decision was reached by this school solely and alone on the consideration of these trained school people who reached this conclusion as being for the best interest of the education of these children in this department.[4] This same principal, who did not recommend the rehiring of the plaintiff, did recommend the rehiring of sixteen black teachers, and one black assistant principal, and twenty white teachers. There is nothing before this court to substantially support the contention that plaintiff's interest in, or sympathy for the blacks boycotting of the school played any part in causing him not to be rehired. The plaintiff contends that he was summarily, and unfairly dealt with without affording him an opportunity to rectify any of the assigned shortcomings. The record emphatically does not support that contention. The principal testified in this record extensively of his numerous criticisms of this teacher and without effect, or any indication of a desire to rectify his course of action, and conform to the minimum requirements of the school. Resourceful counsel in his memoranda brief to the court makes a strong case for his client by insinuations, and innuendoes which find no substantial factual support in this record.

This court has reexamined this record for this hearing and has found nothing to give rise to any change of any fact, or question of law stated in the original opinion of the court which is supplemented hereby. It is the opinion of this court that the plaintiff has failed to establish his claim to this extraordinary relief by a preponderance of the evidence in this case, and that the complaint in this case in its entirety is without merit, and should be dismissed with prejudice at plaintiff's cost.

---

4. In United States v. Board of Education of Greene County, (5 CA) 332 F.2d 40, the United States sought injunctive relief to compel the county to rehire a black teacher in Greene County to teach in the all-black school of that county for the 1961–1962 term. The suit was brought under 42 U.S.C., 1964 ed., § 1971(b) dealing with acts done under color of law to intimidate, threaten, or coerce any person for the purpose of interfering with his right to vote. Subparagraph (d) in that same section conferred jurisdiction upon the district court of such an action without regard to the status of administrative remedies. Subsection (c) of that same section conferred the right of the Attorney General of the United States to institute and maintain the action. The superintendent of the school refused to recommend this reemployment of this teacher for the assigned reason that she was involved in litigation, and because she was *uncooperative* in her attitude at the school. Her contract contained no provision for renewal, extension, or rehiring. She never received any promises, express or implied, that she would be rehired. She was first recommended by her principal, but the superintendent would not accept the recommendation and the principal was induced to recommend another teacher. None of the defendants ever did anything in violation of the civil rights of this woman teacher. The court said that she had no vested right to a new contract, and that the failure of the defendants to rehire her had done nothing to intimidate, or threaten, or coerce her in connection with her right to vote. A mandatory injunction was denied by the trial court on a preliminary hearing, and later on a final hearing, and that decision was affirmed by the United States Court of Appeals for the Fifth Circuit.