**Edith LOOMIS, Appellant,**

v.

**SS SANTA ROSA, her engines, boilers, machinery, tackle, apparel and appurtenances, etc.,
and
Hamburg-Sudamerikanische Dampfschif-fahrts-Gesellschaft Eggert & Amsinck, Appellees.**

No. 25368.

United States Court of Appeals, Ninth Circuit.

July 14, 1971.

As Amended on Denial of Rehearing and Rehearing In Banc

Sept. 24, 1971.

John D. Healy (argued), of Oppenheimer, Brown, Wolff, Leach & Foster, St. Paul, Minn., Martin P. Detels, Jr., of Detels, Draper & Marinkovich, Seattle, Wash., for appellant.

Theodore A. LeGros (argued), of Howard, LeGros, Buchanan & Paul, Seattle, Wash., for appellees.

Before HAMLEY, DUNIWAY and CHOY, Circuit Judges.

HAMLEY, Circuit Judge:

Mrs. Edith Loomis, a citizen of Minnesota, brought this action for personal injury damages in federal district court, Western District of Washington, Northern Division. The action was *in rem* against the SS SANTA ROSA, her engines, boilers, machinery, tackle, apparel and appurtenances, and *in personam* against Hamburg-Sudamerikanische Dampfschiffahrts-Gesellschaft Eggert & Amsinck (Hamburg), the owner and operator of the defendant vessel, Bakke Steamship Corporation and Columbus Line.

The cause was tried to the district court without a jury and findings of fact and conclusions of law were entered which we summarize below: Mrs. Loomis entered into a contract of carriage with Hamburg in 1965 for passenger transportation aboard the SS SANTA ROSA from the United States to Australia and return. When the vessel arrived at Auckland, New Zealand, en route, it moored alongside a dock and a movable gangway was rigged for debarking passengers. On November 15, 1965, while proceeding along the gangway, Mrs. Loomis fell to the dock sustaining serious injury. She required surgery and other medical treatment, was totally disabled for a year, and has a permanent partial disability. The proximate cause of her injuries and damages was the negligent maintenance and unseaworthiness of the gangway. Mrs. Loomis' damages were found by the court to be $25,000.

Mrs. Loomis had obtained the ticket for transportation in September 1965. The copy of the ticket in evidence was not signed by Mrs. Loomis, but the court found that she had read her ticket and fully understood it. In paragraph 13 of the terms and conditions stated in the ticket, it is provided:

"Notwithstanding any other limitation by law or that the Carrier may be a foreign corporation or non-resident, no suit shall be maintained against it in any jurisdiction nor shall the Carrier be liable, for damages for breach of this contract or for delay, loss or injury to or of any person or property or for death of any person, unless written notice of the claim is presented to the Carrier at its head office in New York City, N. Y., or the office of its agent at the place where the passenger is landed, not later than thirty (30) days after the claim arose and unless also suit is commenced not later than six (6) months after the claim arose; provided that in any case where Section 4283a of the revised statutes of the United States shall apply, the period for giving notice of, or filing claims for loss of life or bodily injury, shall be six (6) months and for the institution of suits on such claims shall be one (1) year, computed from the day when the death or injury occurred. The purchaser of this ticket, and his or her executors, administrators and dependents, agree to indemnify the Carrier from any losses or damages suffered by the Carrier by reason of any suit brought by any person in contravention of the terms of this paragraph."

Section 4283A of the Revised Statutes is codified as 46 U.S.C. § 183b, paragraph (a) of which makes it unlawful for the owner of a sea-going vessel to provide by contract or otherwise a short-

er period for the institution of suits for loss of life or bodily injury, than one year, such period to be computed from the day when the death or injury occurred.

Appellees do not contend that 46 U.S. C. § 183b(a) constitutes a statute of limitations which would be binding upon Mrs. Loomis in the absence of paragraph 13 of the ticket. They do urge that the statute authorized them to specify a one-year time limit for bringing suit, that they did so in paragraph 13, and that Mrs. Loomis did not commence this action within that time limit. This latter assertion is not denied. Mrs. Loomis sustained her injuries on November 15, 1965, and did not file her complaint herein until July 11, 1967.

The court found and concluded that because suit had not been brought within one year from the date of injury, it was barred under the contract provision quoted above. The action was therefore dismissed with prejudice.

On appeal, Mrs. Loomis urges that paragraph 13 of the ticket sold to her is not enforceable in the circumstances of this case. In addition, she argues that the contractual provision in issue is wholly inapplicable to the *in rem* feature of her action, and she should be allowed recovery on this otherwise proven cause even if paragraph 13 barred her *in personam* action.

We turn to a consideration of this second contention. Paragraph 13 states "Notwithstanding any other limitation by law or that the Carrier may be a foreign corporation or non-resident, no suit shall be maintained against it * * *" unless instituted within one year from the date of injury. The paragraph does not expressly apply to proceedings *in rem* against the vessel. For the reasons stated below we are not convinced that the provision should be given an expansive construction which would include *in rem* proceedings.

In THE MONROSA v. Carbon Black Export, Inc., 359 U.S. 180, 79 S.Ct. 710, 3 L.Ed.2d 723 (1959), the Supreme Court had occasion to consider if a term of a bill of lading, which purported to confine jurisdiction of suits for damage to freight to Genoa, Italy, was effective to bar an *in rem* proceeding based on such damage in a federal district court. The clause there in question provided "that no legal proceedings may be brought against the Captain or Shipowners or their Agents * * * except in Genoa * * *." 359 U.S. at 182, 79 S.Ct. at 712. The Fifth Circuit held that the district court erred in declining jurisdiction of the *in rem* feature of the libel and the Supreme Court affirmed the court of appeals ruling. The Supreme Court noted:

"The initial words are particularly appropriate to a restriction of the clause to *in personam* actions, and the rest of the language is intelligible on this premise. In accordance with the familiar rule in such circumstances, we will not stretch the language when the party drafting such a form contract has not included a provision it easily might have." 359 U.S. at 182–183, 79 S.Ct. at 712 (footnote omitted).

The Court also noted in THE MONROSA that the contract contained other provisions which included "specific recognition of suits both *in rem* and *in personam*." 359 U.S. at 182 n.*, 79 S.Ct. at 712.

Similarly here, the language of the provision in Mrs. Loomis' ticket is appropriate to *in personam* actions. And, as in THE MONROSA, the contract here in issue includes another provision which specifically recognizes suits *in rem* as distinguished from suits *in personam*. Paragraph 24 of the Loomis ticket provides in part that "the Carrier, master *and ship* shall not be liable for any claims" arising out of described circumstances. (Emphasis supplied.) Similar provision could well have been made in paragraph 13, but was not.

Appellees urge that THE MONROSA is inapposite as it dealt with an attempt to foreclose jurisdiction rather than with a time limitation for suit. How-

ever, both THE MONROSA and the case at bar involve the interpretation of conditions in form contracts of maritime transportation, and the same limiting interpretation is here urged by Mrs. Loomis as was accepted in THE MONROSA. We think the similarities in the cases outweigh their differences.

Appellees contend that the issue must be governed by the concededly broad approach which the Supreme Court has followed in interpreting the provisions of the act limiting the liability of shipowners, 46 U.S.C. §§ 181–195. However, as said in THE MONROSA, "[i]t is a form contract, not a statute, that we construe here." 359 U.S. at 183, 79 S. Ct. at 713.

In Silvestri v. Italia Societa Per Azioni Di Navigazione, 388 F.2d 11 (2d Cir. 1968), the limiting construction urged by Mrs. Loomis was rejected. The court there held that a time limitation clause which by its terms applied only to the company would be effective, if otherwise valid, to bar an *in rem* proceeding against the vessel.

The case at bar is distinguishable. The court noted in *Silvestri* that there were no clauses in which the carrier and the ship were separately mentioned. As discussed above, such a clause exists in Mrs. Loomis' contract. In addition, the contract in *Silvestri* contained the following clause:

> " 'All the regulations, limitations and exceptions relating to the responsibility of the Company are understood to apply also to the responsibilities, if any, of its Agents, *its vessels*, its Masters and crew, its employees and, generally, all persons who act for the Company.' (Emphasis supplied.)" *Silvestri*, 388 F.2d at 13.

No such provision is found in the contract here under consideration.[1]

We hold that the contractual provision in question is inapplicable to Mrs. Loom-

is' *in rem* claim and that it was therefore error to dismiss that claim.

It is unnecessary to reach the other arguments on this appeal as the secured stipulation by the parties to release the vessel from seizure is in an amount double the damages Mrs. Loomis was found to have suffered.

The judgment is reversed and the cause is remanded with directions to enter judgment for plaintiff in the amount of twenty-five thousand dollars, with interest thereon from November 20, 1969.

PER CURIAM

The panel as constituted has voted to deny the petition for rehearing and to reject the suggestion for a rehearing in banc.

The full court has been advised of the suggestion for an in banc hearing, and no judge of the court has requested a vote on the suggestion for rehearing in banc. Fed.R.App.P. 35(b).

The petition for rehearing is denied and the suggestion for a rehearing in banc is rejected.

---

1. Appellees do not argue that paragraph 1 stating in part that "the relations between Carrier, vessel, and passengers shall be governed by and are subject to all terms stated herein" has a comparable effect.