[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
 Facts
The plaintiff, Cheryl Terry, filed the complaint in this action on January 12, 2001. In the complaint, the plaintiff alleges the following facts. The plaintiff is the former owner of two companies, Ledyard Transport, Inc. and Griswold Transport, Inc., both of which were formed and operated under the laws of the state of Connecticut and had their principle place of business in Waterford, Connecticut. The defendant, Student Transportation of America, Inc., is a corporation formed and operating under the laws of the state of Delaware, with places of business in Ledyard, Connecticut, and Griswold, Connecticut. On or about July 22, 1998, the plaintiff and defendant entered into an agreement in which the plaintiff was to sell all stock in Ledyard Transport, Inc. and Griswold Transport, Inc. to the defendant in exchange for a payment of $1,200,000 at the time of closing and five subsequent payments of $80,000 each. In count one, the plaintiff alleges that the defendant breached the parties' agreement by failing to make two of the $80,000 payments. In count two, the plaintiff alleges that the defendant breached the parties' agreement by requiring the plaintiff to pay for unnecessary environmental testing for which the plaintiff was not responsible under the terms of the agreement.
On February 28, 2001, the defendant filed a motion to dismiss the complaint on the ground that the contract between the parties requires the plaintiff to bring suit in the state of New Jersey. The defendant's CT Page 17154 motion is accompanied by a memorandum of law, a copy of the parties' contract, and the affidavit of Christopher Harwood, a vice-president of the defendant corporation. The plaintiff filed an objection to the motion to dismiss and a memorandum of law on March 12, 2001. On June 14, 2001, in further support of its objection, the plaintiff filed copies of the defendant's answers to requests for admission.
 Discussion
The defendant moves to dismiss the complaint on the ground that the contract at issue in the present case requires the plaintiff to bring suit in the state of New Jersey. In support of its motion, the defendant has submitted a copy of the contract. Section 10(g) of the contract provides in relevant part: "Subject to Section 10(k)[1] below, to the extent legal proceedings are permitted under this Agreement, all legal proceedings arising out of or relating to this Agreement or any other transactions contemplated hereby shall be brought either in the United States District Court for the County of Monmouth or in any New Jersey state court sitting in Freehold, New Jersey and in no other forum. The Parties irrevocably waive, to the fullest extent permitted by law, any objection which they may now or hereafter have to the laying of the venue of any such proceeding brought in such a court and any claim that any such proceeding brought in such a court has been brought in an inconvenient forum." The defendant argues that this court should enforce this forum selection clause by declining to exercise its jurisdiction over the present action. The plaintiff argues that the court should exercise its jurisdiction despite the existence of the forum selection clause because this case involves issues of Connecticut law that are not appropriately resolved by the courts of the state of New Jersey. The plaintiff further argues that New Jersey is an inappropriate forum under forum non conveniens analysis.
"[W]hen a motion to dismiss does not seek to introduce facts outside of the record it is equivalent to our former motion to erase and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff. . . . A motion to dismiss may raise issues of fact and would, therefore, require hearing to determine the facts. . . . Where, however, no genuine issue as to a material fact exists a hearing is not required because the motion merely presents a question of law as applied to the facts well pleaded." (Citations omitted; internal quotation marks omitted.) Sagamore Group, Inc. v. Commissioner of Transportation,29 Conn. App. 292, 298, 614 A.2d 1255 (1992).
In the present case, the defendant has submitted an affidavit and a copy of the relevant contract in support of its motion to dismiss. The plaintiff does not dispute the existence of the contract's forum selection CT Page 17155 clause but argues that, as a matter of law, the clause should not lead to the dismissal of this action. The present motion therefore presents no genuine issues of material fact, but instead presents a question of law as applied to the undisputed facts.
The leading case regarding the enforceability of forum selection clauses is The Bremen v. Zapata Off-Shore Co., 407 U.S. 1,92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In that case a Texas-based corporation contracted with a German corporation to tow a drilling rig from Louisiana to the Adriatic Sea. The contract between the parties provided that "any dispute arising must be treated before the London Court of Justice." (Internal quotation marks omitted.) Id., 2. When a dispute arose between the parties, suit was commenced in the United States District Court in Tampa, Florida. The District Court, applying the normal forum non conveniens analysis, "gave the forum-selection clause little, if any, weight" and declined to dismiss the case. Id., 6. "In denying the motion, [the District Court] relied on the prior decision of the Court of Appeals in Carbon Black Export, Inc. v. The Monrosa, 254 F.2d 297 (CA5 1958), cert. dismissed, 359 U.S. 180, 79 S.Ct. 710, 3 L.Ed.2d 723
(1959). In that case the Court of Appeals had held a forum-selection clause unenforceable, reiterating the traditional view of many American courts that `agreements in advance of controversy whose object is to oust the jurisdiction of the courts are contrary to public policy and will not be enforced.' 254 F.2d, at 300-301." The Bremen v. Zapata Off-Shore Co., supra, 407 U.S. 6.
The Supreme Court in Bremen rejected that traditional view of forum selection clauses, and adopted the view "that such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be `unreasonable' under the circumstances." Id., 10. The court elaborated that "[n]o one seriously contends in this case that the forum-selection clause `ousted' the District Court of jurisdiction over Zapata's action. The threshold question is whether that court should have exercised its jurisdiction to do more than give effect to the legitimate expectations of the parties, manifested in their freely negotiated agreement, by specifically enforcing the forum clause." Id., 12. The Supreme Court found it "reasonably clear that the District Court . . . placed the burden on [the moving party] to show that London would be a more convenient forum than Tampa, although the contract expressly resolved that issue. The correct approach would have been to enforce the forum clause specifically unless [the plaintiff] could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." Id., 15.
The Supreme Court also recognized some additional exceptions to the general rule that forum selection clauses should be enforced. Enforcement CT Page 17156 of such a provision is inappropriate where it "would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." Id. Furthermore, while rejecting the District Court's use of the normal forum non conveniens analysis, the Supreme Court stated that a forum selection clause should not be enforced if "the party seeking to escape his contract [shows] that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain." Id., 18.
Although Connecticut's appellate courts have not addressed the precise issue presented here, they have indicated their approval of the Bremen
analysis. In United States Trust Co. v. Bohart, 197 Conn. 34, 495 A.2d 1034
(1985), our Supreme Court stated that "[a]bsent a showing of fraud or overreaching, . . . forum clauses will be enforced by the courts." Id., 42, citing The Bremen v. Zapata Off-Shore Co., supra, 407 U.S. 10-12; see also Phoenix Leasing, Inc. v. Kosinski, 47 Conn. App. 650, 654,707 A.2d 314 (1998); Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 498, 495 A.2d 286 (1985) (consent to jurisdiction clauses generally given effect by courts). In addition, the judges of this court have adopted the Bremen analysis in addressing the enforcement of forum selection clauses. See IDV North America, Inc. v. Saronno, Superior Court, judicial district of Hartford, Docket No. 580589 (September 9, 1999, Teller, J.); Total Telecommunications, Inc. v. TargetTelecom, Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 053516 (March 11, 1997, Corradino, J.).
In the present case, the plaintiff agrees that Bremen sets forth the proper framework for resolving the defendant's motion to dismiss. The plaintiff argues, however, that the forum selection clause in the present case should not be enforced because it falls within both the public policy exception and the serious inconvenience exception discussed inBremen. The court will separately address each of these arguments.
First, the plaintiff argues that enforcing the forum selection clause by dismissing the present case would violate "the public policy of this state that permits the courts of this state to interpret its law." The plaintiff has not, however, cited to any authority for the proposition that permitting other states to interpret Connecticut law violates a strong public policy. On the contrary, our courts favor the application of modern choice of law rules, under which courts may be called upon to apply foreign law. In contract actions, for example, our courts apply the "most significant relationship" test of 1 Restatement (Second), Conflict of Laws § 188, under which a court applies the substantive law of the state having the most significant relationship to the transaction. CT Page 17157Reichhold Chemicals, Inc. v. Hartford Accident Indemnity Co.,252 Conn. 774, 781, 750 A.2d 1051 (2000); see also Picketts v.International Playtex, Inc., 215 Conn. 490, 512, 576 A.2d 518 (1990) ("Connecticut courts are quite capable of applying foreign law when required to do so . . ."). Such choice of law analysis may properly result in a court applying another jurisdiction's substantive law. SeePicketts v. International Playtex, Inc., supra, 215 Conn. 505 ("the choice of law problem may continue to be a viable issue regardless of the choice of forum"). Therefore, even assuming arguendo that Connecticut law is necessary to the resolution of the plaintiff's claims,[2] this alone is not an adequate basis for concluding that the case should not be heard in New Jersey as agreed by the parties.
Second, that plaintiff argues that under a forum non conveniens analysis, Connecticut is the appropriate forum in which the present case should be heard. "As a common law matter, the doctrine of forum non conveniens vests discretion in the trial court to decide where trial will best serve the convenience of the parties and the ends of justice. . . . Emphasis on the trial court's discretion does not, however, overshadow the central principle . . . that unless the balance is strongly in favor of the defendant[s], the [plaintiffs'] choice of forum should rarely be disturbed." (Citations omitted; internal quotation marks omitted.) Durkinv. Intevac, Inc., 258 Conn. 454, 463-64, 782 A.2d 103 (2001).
The plaintiff acknowledges in her memorandum of law that the question of whether to dismiss an action under the doctrine of forum non conveniens is distinct from the question of whether the court should dismiss an action based on a forum selection clause.[3] It is clear that the defendant's motion in this case is not grounded in the common law doctrine of forum non conveniens. As discussed above, forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be `unreasonable' under the circumstances." The Bremen v. Zapata Off-Shore Co., supra, 407 U.S. 10. This standard is incompatible with forum non conveniens analysis and its "strong presumption in favor of the [plaintiffs'] chosen forum. . . ."Durkin v. Intevac, Inc., supra, 258 Conn. 465. The question in the present case is whether the plaintiff has demonstrated "that trial in the contractual forum will be so gravely difficult and inconvenient that [she] will for all practical purposes be deprived of [her] day in court."The Bremen v. Zapata Off-Shore Co., supra, 407 U.S. 18. The plaintiff makes no such claim.
 Conclusion
The forum selection clause in the present case requires suit to be commenced in state or federal court in New Jersey. The court concludes CT Page 17158 that the state of Connecticut does not have a sufficiently strong interest in interpreting its own law to overcome the presumption that the forum selection clause should be enforced. Furthermore, the plaintiff's assertion that Connecticut is the appropriate forum is based on a forum non conveniens analysis and therefore does not properly address the forum selection clause.
For these reasons, the motion to dismiss is granted.
D. Michael Hurley Judge Trial Referee